[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT (#115)
On September 16, 1993, the plaintiffs, Lillian Paquette and Barbara Wickham, filed a three-count amended complaint (#106) against the defendants, Nationwide Mutual Insurance Company (Nationwide) and Allstate Insurance Company (Allstate), arising out of an automobile accident on June 16, 1991. The first count CT Page 14530 is directed at Nationwide. The plaintiffs, however, filed a withdrawal of this case as to defendant Nationwide on November 3, 1993. In the second count, Paquette seeks underinsured motorist benefits against Allstate. In the third and final count, Wickham also seeks underinsured motorist benefits against Allstate. Both plaintiffs now move for summary judgment on their claims against Allstate.
The parties have stipulated to the following facts. On June 16, 1991, a vehicle operated by Krystyna Saar collided head-on into a motor vehicle owned and operated by Barbara Wickham and occupied by Lillian Paquette, the front-right passenger. As a result of the accident, the plaintiffs sustained personal injuries. Said accident was caused solely by the negligence of Krystyna Saar. The Saar motor vehicle was covered under a single limit liability policy of $100,000 issued by The Great American Insurance Company. The underlying action against the tortfeasor, Krystyna Saar, was settled by Great American for the policy limits, awarding the four victims, including the two plaintiffs, $25,000 each. As a further result of said accident, the Wickham motor vehicle sustained property damage totalling $4,859, which claim was adjusted and paid by defendant Allstate.
The plaintiff, Barbara Wickham, carried underinsured motorist coverage on the vehicle she operated under a policy issued by defendant Allstate. Said policy provided split coverage limits of $100,000 per person and $300,000 per accident. The plaintiffs were insured persons under the insurance policy issued by Allstate. The plaintiffs now seek money damages against Allstate on the ground that Krystyna Saar was operating an underinsured motor vehicle at the time of the accident.
On September 20, 1995, the plaintiffs filed a motion for summary judgment on the second and third counts of their amended complaint. In support of this motion, the plaintiffs submitted a memorandum of law along with a copy of the stipulation of facts entered into by the parties. At Short Calendar on November 6, 1995, the defendant filed an objection to the motion along with an opposing memorandum of law.
"Summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. . . . In deciding a motion for summary judgment, the trial court must view CT Page 14531 the evidence in the light most favorable to the nonmoving party. . . . Although the party seeking summary judgment has the burden of showing the nonexistence of any material fact. . . a party opposing summary judgment must substantiate its adverse claim by showing that there is a genuine issue of material fact together with the evidence disclosing the existence of such an issue." (Citation omitted; internal quotation marks omitted.)Home Ins. Co. v. Aetna Life Casualty Co., 235 Conn. 185, 202,663 A.2d 1001 (1995).
In their supporting memorandum, the plaintiffs claim that Krystyna Saar, the tortfeasor, was operating an underinsured motor vehicle at the time of the accident and, therefore, they are entitled to summary judgment on the second and third counts of the amended complaint. The plaintiffs contend that if only one injured party were making a claim against Allstate, then for purposes of General Statutes § 38a-336 the $100,000 per person limit of that policy would apply. In determining whether the Saar automobile was underinsured in the present case, however, the plaintiffs argue that Saar's single liability limit of $100,000 should be compared to the $300,000 per accident limit in the Allstate policy because there is more than one injured party. According to the plaintiffs, had the legislature intended the per person limit to apply regardless of the number of injured parties making underinsured motorist claims, the legislature would have omitted the word "applicable" from the definition of underinsured motor vehicle in § 38a-336 and written "per person limit" since no other limit could apply. The plaintiffs conclude that it is illogical for Allstate to try to equate a $100,000 single limit policy with a $100,000 per person/$300,000 per accident policy and, therefore, the limits of liability under the Saar policy are less than the applicable limits of liability under the uninsured motorist portion of the Allstate policy. In support of their argument, the plaintiff's rely on Stride v.Allstate Ins. Co., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 115903 12 Conn. L. Rptr. 142, 9 CSCR 960 (August 4, 1994) (Sullivan, J.).
In its opposing memorandum, Allstate argues that the plaintiffs are not entitled to recover underinsured motorist benefits because the Saar vehicle was not underinsured. In order to determine whether the tortfeasor's vehicle was underinsured, Allstate argues that the $100,000 single limit of the Saar policy should be compared to the $100,000 per person, rather than the $300,000 per accident, limit in the underinsured motorist CT Page 14532 provisions of the Allstate policy. The defendant relies onCovenant Ins. Co. v. Coon, 220 Conn. 30, 594 A.2d 977 (1991).
"Application of § 38a-336 involves two separate inquiries. First, it must be determined whether the tortfeasor's vehicle is an `underinsured vehicle' within the meaning of the statute. Second, after this determination is made and underinsured motorist coverage is found to be applicable, the finder of fact calculates the amount of the award to be paid the victim." Covenant Ins. Co. v. Coon, supra, 220 Conn. 33. The issue in the present case, for purposes of determining if the tortfeasor's vehicle is underinsured within the meaning of General Statutes § 38a-336 (e)[1] is whether the "applicable limits of liability under the underinsured motorist portion of the policy" issued to Wickham by Allstate is the policy's per accident limit or its per person limit. "Neither the text nor the legislative history of § 38a-336 addresses directly the circumstance in which the tortfeasor's liability insurance policy has two different liability limits." CovenantIns. Co. v. Coon, supra, 220 Conn. 34. Nor do they address the circumstance, as in this case, in which the underinsured motorist provision of the insured's policy has two different liability limits and two or more persons involved in a multi-victim automobile accident are making claims against the underinsured motorist provisions of the insured's policy.
An "underinsured motor vehicle" is defined as: "a motor vehicle with respect to which the sum of the limits of liability under all bodily injury liability bonds and insurance policies applicable at the time of the accident is less than the applicable limits of liability under the uninsured motorist portion of the policy against which claim is made. . . ." General Statutes § 38a-336(e). "[T]he underinsured motorist coverage is not applicable if the insured person's underinsured motorist limits are equal to, or less than, the tortfeasor's liability limits." (Internal quotation marks omitted.) American MotoristsIns. Co. v. Gould, 213 Conn. 625, 632, 569 A.2d 1105 (1990). Therefore, if the tortfeasor's single limit liability insurance of $100,000 in the present case is compared to the $100,000 per person limit in the Allstate policy, then the tortfeasor's vehicle was not underinsured and the plaintiffs are not entitled to recover underinsured motorist benefits. If, however, the tortfeasor's $100,000 single liability limit is compared to the $300,000 per accident limit in the Allstate policy, then the tortfeasor's vehicle falls within the definition of an CT Page 14533 "underinsured motor vehicle."
Uninsured motorist coverage was intended "`to permit the injured party to recover the amount he would have received had the tortfeasor been insured to the same extent as the injured party.'" American Motorists Ins. Co. v. Gould, supra,213 Conn. 631. "[T]he legislative objective was simply to give an insured who is injured in an accident the same resource he would have had if the tortfeasor had carried liability insurance equal to the amount of the insured's uninsured motorist coverage." Id., 632. "`The [statute] could not have been intended to place the insured who is injured by an underinsured motorist in a better position than one who is harmed by a motorist having the same insurance as the insured.'" Id., 631.
If the tortfeasor in the present case had been insured to the same extent as plaintiff Wickham, $100,000 per person/$300,000 per accident, then each of the four victims in the underlying tort action would have been entitled to recover, assuming an equal distribution as in the underlying action, up to $75,000. Therefore in order to fulfill the purpose of the underinsured motorist statute and "`to permit the injured party to recover the amount he would have received had the tortfeasor been insured to the same extent as the injured party'"; American Motorists Ins.Co. v. Gould, supra, 213 Conn. 631; where an accident involves two or more victims, the single liability limit in the tortfeasor's policy should be compared with the per accidentlimit in the underinsured motorist portion of the insured's policy. When this is done in the present case, the limits of liability under Saar's insurance policy are less than the applicable limits of liability in the underinsured motorist portion of the Allstate policy, and the Saar vehicle is underinsured. This conclusion is consistent with both the Supreme Court's holding in Covenant Ins. Co. v. Coon and the language in the relevant provisions of the Allstate policy submitted at oral argument.
In Covenant Ins. Co. v. Coon, the court considered whether the per person or per accident limit of the tortfeasor's policy should be compared with the $50,000 single limit under the underinsured motorist provisions of the plaintiff's policy. In determining the applicable liability limits of the tortfeasor's split coverage policy for purposes of § 38a-336, the court stated "we must examine the amount `of liability insurance [thatis] available to [the victims].'" (Emphasis in the original; CT Page 14534 alterations in the original.) Covenant Ins. Co. v Coon, supra,220 Conn. 34. The court concluded that the $25,000 per person limit, rather than the $50,000 per accident limit, of the tortfeasor's policy was the applicable limit because that was the total amount available to the single claimant under the terms of the tortfeasor's policy. Id. The court held that the insured was entitled to recover $25,000 under the underinsured motorist provisions of the policy, the $50,000 policy limit minus the $25,000 already recovered under the tortfeasor's policy. Id., 38.
Based on the court's holding in Covenant Ins. Co. v. Coon, a determination of the "applicable limits of liability" under the insured's policy, where the policy has two different liability limits and the accident involves more than one victim, requires an examination of the amount of liability insurance that would have been available to the victims had the tortfeasor been insured to the same extent as the insured. The number of victims involved in the accident is therefore relevant to this determination. Applying the above reasoning, the applicable liability limit under the plaintiff's policy would be the $300,000 per accident limit, the amount that would have been available to the victims "had the tortfeasor been insured to the same extent as the injured party." American Motorists Ins. Co. v.Gould, supra, 213 Conn. 631.
As defined by the Allstate insurance contract, the coverage limit shown on the policy declaration for "`each accident' is the maximum that we will pay for damages arising out of bodily injury to two or more persons in any one motor vehicle accident. This limit is subject to the limit for `each person.'" (Emphasis added.) Defendant's Memorandum, Exhibit A, Allstate Indemnity Auto Insurance Policy, p. 19. Based on this definition, that because the motor vehicle accident in the present case involved "two or more persons," the applicable liability limit is the per accident limit of $300,000. The second sentence, "This limit is subject to the limit for `each person,'" which is relied on by the defendant in its argument, on it's face merely limits the amount of recovery by any one claimant to a maximum of $100,000 even where two or more persons are injured in the same motor vehicle accident. It is not relevant in determining the "applicable limits of liability" for purposes of § 38a-336(e).
Under the circumstances of the present case, the single limit in the Saar policy should be compared to the per accident limit in the Allstate policy in determining whether the Saar vehicle is CT Page 14535 underinsured. This conclusion is supported by the decision inStride v. Allstate Ins. Co., supra, 12 Conn. L. Rptr. 142,9 CSCR 960, in which the court, Sullivan, J., reached the same result in a virtually identical factual situation. To hold otherwise would result in the "anomalous situation" in which the injured party would be in a better position if the tortfeasor had been uninsured. SeeNationwide Ins. Co. v. Gode, supra, 187 Conn. 390-91 ("The purpose of this amendment was to remedy the `anomalous situation' . . . where an injured party could find himself in a better position if the tortfeasor had no liability insurance than if he had only the statutory minimum amount."). Accordingly, the court concludes that the Saar automobile is an "underinsured motor vehicle" as defined by § 38a-336(e) and the plaintiffs are entitled to seek underinsured motorist benefits under the Allstate policy.
Summary judgment on liability only may enter for the plaintiffs and against the defendants on counts two and three.
Joseph A. Licari, Jr., Judge